DETROIT & MACKINAC RAILWAY CO. *v.* ALPENA CIRCUIT JUDGE.

1. STATUTES—CONSTRUCTION—LEGISLATIVE INTENT.

Having ascertained that a certain legislative intent extended to all the provisions of a statute, the court will so construe the statute as to make such intent effective as to the whole, if it can do so without doing violence to express terms of the statute.

2. REPLEVIN—CUSTODY OF PROPERTY—PERSON ENTITLED—STATUTORY PROVISIONS.

The legislative intent in enacting the amendment of 1899 (Act No. 246) of the statute (section 10658, 3 Comp. Laws) relative to the custody of replevined property was to put the parties in replevin cases upon equal footing; and the provision therein for an order awarding custody to a party pending suit if the property "has an especial value to him" was intended to be for the benefit of the plaintiff as well as for defendant, not to be defeated by the filing by defendant within 48 hours after appraisal of the bond therein mentioned.

3. MANDAMUS—CERTIORARI—PROPRIETY—REPLEVIN.

Mandamus and not certiorari is the remedy to review an order of the circuit court awarding custody pendente lite of property the subject of an action of replevin.

Mandamus by the Detroit & Mackinac Railway Company to compel Frank Emerick, circuit judge of Alpena county, to vacate an order awarding the custody of certain hides pending an action of replevin. Submitted March 5, 1908. (Calendar No. 22,693.) Writ denied March 31, 1908.

*Charles R. Henry* (*O'Brien & Francis*, of counsel), for relator.

*Frank D. Scott*, for respondent.

McALVAY, J. This application arises from certain proceedings awarding the possession of property in a re-

plevin case pending in the circuit court for Alpena county, wherein the Alpena Hide & Leather Company is plaintiff, and relator is defendant. The suit was brought by plaintiff to obtain possession of three carloads of dry hides, of the value of $7,500, shipped to plaintiff at Alpena from Monterey, Mexico, by rail. There was a dispute between the parties relative to certain advanced charges against the property. Plaintiff claimed that the charges were excessive, made a tender of a portion, and sued out his writ, January 6, 1908, and the sheriff replevined the property. The property was duly appraised and on January 7th plaintiff gave the sheriff the statutory replevin bond. On January 8th, and within 48 hours after the property was appraised, the defendant executed and delivered to the sheriff a bond conditioned as provided by law, with two sureties acceptable to the sheriff. On receiving this bond, it is claimed by relator that the sheriff surrendered possession of the property so replevined to the defendant. And upon this claim its entire contention in this proceeding rests. The construction of Act No. 246, Pub. Acts 1899, is involved.

Relator has demurred to the answer of respondent upon the grounds:

1. That respondent did not allow all the amendments proposed by relator to his return.

2. That the return is not sufficient in law to meet the claims of relief set forth in the petition.

Under the first ground are seven specific complaints relied upon. Upon these we are requested, if we discover disputes of fact, to frame issues for determination. These amendments were all passed upon by the respondent under section 9969, 3 Comp. Laws. If relator was entitled to frame issues of fact (a point upon which we express no opinion), they should have been prepared and proposed by it with notice to the opposite party, and presented to this court for framing, such issues to be tried in the manner provided by section 9971, 3 Comp. Laws.

An examination of the entire record in this case dis-

closes that these are matters entirely immaterial to the determination of the question before us, and if issues had been presented this court would for that reason have refused to frame them. There is no dispute upon this record as to what has been done. The question is purely a question of law.

The statute for construction is section 10658, 3 Comp. Laws, as amended by Act No. 246, Pub. Acts 1899. This section before amendment read as follows:

"SECTION 11. If the plaintiff shall fail to cause such bond to be executed and delivered to the officer, within twenty-four hours after the appraisal of such property, the officer shall return the same to the person from whom he took it."

As amended this section reads:

"SECTION 11. If the plaintiff shall fail to cause such bond to be executed and delivered to the officer within twenty-four hours after the appraisal of such property, or if the defendant or some one in his behalf, at any time before the delivery of the property to plaintiff, shall execute a bond to such officer and his assigns, with the addition of his name of office, with sufficient sureties, to be approved by such officer, in a penalty not less than one hundred dollars, and at least double the appraised value of such property, conditioned, * * * the officer shall return the property to the same person from whom he took it; and the property shall in no case be delivered to the plaintiff without the consent of the defendant in writing, until the expiration of forty-eight hours after the appraisal thereof, and notice of such appraisal shall be given to the defendant: *Provided*, That if either party before the delivery of the property by the officer to the opposite party shall make and present to such officer an affidavit setting forth that the property replevied, or any part thereof, has an especial value to him that cannot be satisfied in money, together with a notice in writing that the question of the custody thereof will be submitted to the judge of the circuit, or a circuit court commissioner of the county, at a time and place therein stated, not exceeding five days from the date thereof, and shall serve upon the opposite party, or his attorney, a copy of such affidavit and notice, at least two days before the time of

hearing mentioned, the officer shall retain custody of such property until the time mentioned in such notice, and until the order of such judge or commissioner thereon. Such judge or commissioner, on proof of service of said affidavit and notice, shall hear the claims of the respective parties and, by order under his hand, award the possession of such property, pending the suit, to either party, on the execution of a bond as herein required, as he shall deem just," etc.

In the case at bar the property was taken on the writ and appraised.

The return of respondent shows that:

"After the property was taken upon the writ and appraised, both the plaintiff and defendant in due season gave the sheriff the bonds provided for by section 10658, 3 Comp. Laws, as amended by Act No. 246, Pub. Acts 1899."

The details of such proceedings and the steps taken by plaintiff in replevin to obtain an order from respondent awarding it the possession of the property are stated in the return as follows:

"The property on January 6, when the writ issued, was in three cars of the defendant standing on its tracks in the railway yard in Alpena. These cars were sealed with the general seal of the defendant, and also with the station seal. At the request of the sheriff defendant removed the seals and opened the cars to permit an appraisal to be made. The appraisal was completed at 5 o'clock, and notice thereof given to defendant at 5:30 o'clock on the afternoon of January 6th.

"The cars were then resealed by defendant as before, and remained in the same condition and place undisturbed by any one until January 13th. At noon of January 7th the plaintiff delivered to the sheriff its bond in due form in double the appraised value of the property with sufficient sureties. On January 8th, at 20 minutes before 3 o'clock in the afternoon, the attorney for the defendant delivered to the sheriff its bond in a proper penalty with sureties approved by that officer, and informed him that the railroad company wanted the property and demanded that the sheriff turn the cars back to such railway company, and requested the sheriff to notify Mr. Reeves [the

station agent] to that effect.   The sheriff then went over and found Mr. Reeves in defendant's ticket office * * * and then and there said to him, that he had received such bond and, ' The hides are yours again—you can do what you like with them.'   Thereupon the sheriff returned up town and not later than 3:30 o'clock informed Mr. Scott, attorney for plaintiff, that such bond had been given by defendant.   Mr. Scott thereupon told the sheriff he would prepare the affidavit and give notice of the present application, at the same time asking the sheriff to go back and inform Mr. Reeves that he would continue to hold the hides in his possession until an order for the custody of the goods could be obtained upon such hearing.   The sheriff went immediately back to Mr. Reeves and asked him not to move the hides, saying: ' Those hides are to be held here.'   Whereupon Mr. Reeves informed him that so far as he was concerned personally he had no intention of moving the hides.   That the hides would not be moved unless he got orders, and that he didn't expect any such action.   At 5:30 o'clock the notice and affidavit of which copies are annexed to relator's petition herein, were served upon the sheriff, and about one-half hour later upon Mr. Reeves."

After stating these facts respondent in his return proceeds:

" Upon the forgoing facts I did hold that such application was made in time, and was not barred by such an actual delivery of the property by the sheriff to defendant as is contemplated by and within the meaning of Act No. 246, Pub. Acts 1899.

" No doubt the defendant may under the terms of this act at once after notice of appraisal tender his bond to the sheriff.   He may do this even before the expiration of the 24 hours given the plaintiff in which to deliver his bond to the sheriff, and at any time thereafter up to 48 hours after notice of appraisal.

" But it by no means follows that, if he does, the sheriff may quietly turn over the property to defendant, and defeat an application by the plaintiff under this most remedial statute.   Under such a construction the statute should be repealed for it may be rendered nugatory by mere trickery.   The statute means that plaintiff may make this application at any time during the 48 hours after appraisal in which the defendent may tender a bond."

The hearing was had, and on January 13th, under his construction of the statute, respondent awarded the custody of the property, pending the suit, to the plaintiff. The sheriff on the same date in accordance with such order delivered the property to the plaintiff.

Relator contends that the application for this hearing came too late; that the property had already been delivered to defendant by the sheriff, a proper statutory bond having been received and accepted by him, and therefore the respondent had no jurisdiction to act in the matter.

The amendment of 1899 added certain new features to the law governing actions of replevin in circuit courts. Section 10, which is not amended, requires plaintiff to furnish a bond before the officer shall deliver him the property replevined.

Section 11, before amendment, provided that if the plaintiff failed to furnish the required bond within 24 hours after appraisal the officer should return the property to the person from whom he took it.

Section 11, as amended, provides that if the plaintiff shall fail to furnish such bond within 24 hours after appraisal, or if the defendant or some one in his behalf at any time before the delivery of the property to the plaintiff shall deliver a certain bond to the officer, the property shall be restored to the person from whom it was taken. It also provides that in no case shall the property be delivered to the plaintiff, without the consent of the defendant in writing, until the expiration of 48 hours after the appraisal thereof and notice of such appraisal given to the defendant. It further provides that either party before the delivery of the property by the officer to the opposite party may by affidavit and notice served on the officer ask for a hearing to determine the custody to the property during the pendency of the suit.

The changes by amendment are given in the order in which they occur in the statute. The legislative intent was to put the parties in replevin cases upon an equality.

Formerly a defendant could not retain possession of property by furnishing security if plaintiff delivered his bond within 24 hours. Under the present law defendant may furnish his bond at any time before the expiration of the 48 hours mentioned. Under the old law plaintiff received the property at any time within the 24 hours when his bond was delivered. Under the law as amended in no case may the property, without defendant's consent in writing, be delivered to plaintiff until the expiration of 48 hours after the appraisal and notice thereof to defendant. By these amendments the clear legislative intent was to put the parties in these replevin cases upon such footing that their rights were equally protected so as to give one no advantage over the other, and the presumption is that such intent extended to all the provisions of the section.

The remaining new provision, relative to an application by either party, before the property had been delivered to the opposite party, for an order awarding the custody to the property pending the suit, if it has " an especial value to him that cannot be satisfied in money," in terms was intended to be for the benefit of the plaintiff as well as the defendant.

Having ascertained that a certain legislative intent extended to all the provisions of this legislation, it is the duty of the court to make such intent effective as to the whole, if it can do so without doing violence to express terms of the statute. The construction urged by relator surely would not carry out the legislative intent we have pointed out. On the contrary, as expressed by respondent, the defendant can, in every case, by filing his bond at any time within 48 hours after the appraisal, deprive a plaintiff of all benefit of this provision. Such certainly was not the legislative intent, and such construction can only be based upon the assumption that the officer may at once deliver the property to defendant upon the receipt of his bond. Construing all of the provisions of this section together, we think that it is clear that it was intended that the plaintiff should have the benefit of this last provision,

and that after filing his bond within 24 hours he had the entire balance of the 48 hours during which he must wait before possession of the property could be given him, in which to make his application for possession pending suit, and that during this time the property remains in custodia legis.   Our construction of the clauses relied upon by relator "at any time before the delivery of the property to the plaintiff," and "before the delivery of the property to the opposite party," is that they mean at any time before the property may be lawfully delivered under this statute; that any delivery of the property to either party before the expiration of 48 hours after appraisal, except where  defendant consents in writing, is unauthorized. Such construction gives effect to a clear legislative intent. We agree with respondent, that in this case the act of the sheriff did not, and could not, amount to such a delivery of the property as is contemplated by, and within the meaning of, the amended section.

We do not agree with counsel for respondent that certiorari and not mandamus is the proper remedy.

The writ is denied.

GRANT, C. J., and BLAIR, MONTGOMERY, OSTRANDER, HOOKER, MOORE, and CARPENTER, JJ., concurred.