KERBY v JUDGES' RETIREMENT BOARD OF MICHIGAN

Docket No. 101641. Submitted January 5, 1988, at Lansing. Decided
February 2, 1988. Leave to appeal applied for.

    Yale L. Kerby brought an action for mandamus in the Ingham
Circuit Court against the Judges' Retirement Board of Michigan to compel the board to allow him to purchase a credit for
his military service time. He had been a district judge and had
accumulated less than twelve years of credited service. The
court, James T. Kallman, J., refused to grant plaintiff's motion
for summary disposition. Plaintiff appealed by leave granted.

    The Court of Appeals *held:*

    Plaintiff is not eligible to purchase military service credit.

    Summary disposition granted for defendant.

    BEASLEY, J., voted to grant leave to appeal but did not
participate in the decision.

JUDGES — RETIREMENT SYSTEM — DISTRICT JUDGES — SERVICE CREDIT.

    A district court judge member of the Judges' Retirement System
claiming credit for time honorably served on active duty as a
member of the armed forces of the United States may not
purchase such service credit until he has accumulated twelve
years of credited service (MCL 38.813[b]; MSA 27.125[13.2]).

Yale Leland Kerby, in propria persona.

Before: M. J. KELLY, P.J., and BEASLEY and D. E.
HOLBROOK, JR. JJ.

PER CURIAM. Plaintiff has filed an application
for leave to appeal from the denial of his motion
for summary disposition by the Ingham Circuit
Court. Because we are of the opinion that summary disposition was appropriate, given the lack

REFERENCES

Am Jur 2d, Pensions and Retirement Funds §§ 1643 *et seq.*

What constitutes "salary," "wages," "pay," or the like, within
pension law basing benefits thereon. 14 ALR2d 634.

of factual dispute—albeit summary disposition should have been granted for defendant, MCR 2.116(I)(2)—and because we believe that the issue presented is of some importance to the proper administration of the judges' retirement system, we have elected to resolve this matter through issuance of this per curiam opinion. *Manuel v Dep't of Corrections*, 140 Mich App 356; 364 NW2d 334 (1985), lv den 422 Mich 948 (1985); *People v Nicolaides*, 148 Mich App 100; 383 NW2d 620 (1985); *Gerber Products Co v Anderson, Clayton & Co*, 76 Mich App 410; 256 NW2d 754 (1977).

Plaintiff served as an elected district judge for ten years. His judicial career had left him with less than twelve full years of "credited service" for judicial retirement system purposes.

Plaintiff applied to defendant board, seeking to purchase credit for two years of honorable, active service in the United States armed services. The board refused, pointing to plaintiff's lack of the statutory prerequisite of twelve years of credited service. This action for mandamus ensued.

The issue presented is well analyzed and discussed in OAG, 1985-1986, No 6304, pp 111-114 (July 2, 1985), which we hereby incorporate and adjust as our own analysis:

> You have requested my opinion whether a district court judge who is a member of the Judges' Retirement System must accumulate twelve years of service credit in order to purchase military service credit.
>
> The Judges' Retirement Act, MCL 38.801 *et seq*[.]; MSA 27.125(1) et seq[.], provides for a retirement system for elected or appointed members of the Supreme Court, the Court of Appeals, circuit courts, district courts, the Recorder's Court for the City of Detroit, the Common Pleas Court of the City of Detroit, probate courts for judges elected or

appointed and beginning service after December 31, 1982, the State Court Administrator, and certain elected or appointed state officers.

MCL 38.813b; MSA 17.125(13.2), as last amended by 1978 PA 453, in pertinent part, provides:

"(1) Notwithstanding any provision to the contrary of Act No. 135 of the Public Acts of 1945, as amended, being sections 38.601 to 38.668b of the Michigan Compiled Laws, a member may elect to have credited service include service rendered previously as a municipal judge, as a justice of the peace in a governmental unit, as a judge for the police court of the city of Grand Rapids or recorder's court for the city of Cadillac, as a probate judge, as a referee of the traffic division of the recorder's court of the city of Detroit. A member shall not include in credited service more than 3 years of service rendered as a referee of the traffic division of the recorder's court of the city of Detroit, *or more than 2 years of time served honorably, on active duty, as a member of the armed services of the United States.*

"(2) A judge who elects to use service credit pursuant to subsection (1) may use the service credits earned as a municipal judge, as a justice of the peace, a judge for the police court of the city of Grand Rapids or recorder's court for the city of Cadillac, as a probate judge, *or time served honorably, on active duty, as a member of the armed services of the United States,* for the purposes of determining retirement or death benefits under this system *to the same extent that the service would have been credited had it been rendered in a position covered under this act under the following conditions:*

"(a) *If the member who is a district judge pays into the employees savings fund an amount computed by all of the following steps:*

"(i) Multiplying the contribution rate by ⅔ of the base salary of a circuit judge for each year and month of service credited before 1969.

"(ii) Multiplying the contribution rate by the base salary of a district judge for each year and

month of service from January 1, 1969 and thereafter.

"(iii) Adding the regular interest the members' contributions would have earned had they been on deposit during each year and month of service claimed as a credit.

"(b) If the member who is a supreme court justice, an appeals court judge, a circuit judge, recorder's court judge, or a common pleas court judge pays into the annuity savings fund an amount equal to the amount the contributions would have been had the member been a member serving as a circuit judge and adding the regular interest the contributions would have earned had they been on deposit during each year and month of service claimed. *A member claiming service for time served honorably, on active duty as a member of the armed services of the United States may use the service credit for purposes of determining retirement or death benefits under this system to the same extent that the service would have been credited had it been rendered in a position covered under this act if the member pays into the employees savings fund an amount equal to 5% of the member's salary paid by the state for the year in which payment is made multiplied by the years and months of service that the member elects to purchase up to the maximum of 2 years. Armed service shall not be credited until the member has accumulated 12 years of credited service."* (Emphasis added.)

The underscored language was added by 1978 PA 453.

A cursory reading of MCL 38.813b; MSA 27.175(13.2), would suggest that a district court judge member is not subject to the 12 years of credited service limitation contained in the last sentence of subsection (2)(b) in light of the fact that district court judge members are not listed in the enumeration of judge members contained in the first sentence of subsection (2)(b). Because the reference is simply to "the member," and because

there is no listing of judge members in the last sentence of this subsection, however, it is not entirely clear whether the Legislature intended the limitation to apply to all judge members except district court judge members or to all judge members of the retirement system.

Because the statute is susceptible to different interpretations, it is open to construction. *City of Lansing v Township of Lansing,* 356 Mich 641, 649; 97 NW2d 804 (1959). The legislative intent may be determined through resort to the legislative history of amendatory 1978 PA 453 and to the proceedings attendant to its passage by the Legislature as disclosed by the legislative journals. *Liquor Control Commission v Fraternal Order of Eagles, Aerie No 629,* 286 Mich 32, 43; 281 NW 427 (1938).

Introduced as HB 4793, it purported to amend, in part, MCL 38.813b; MSA 27.125(13.2), to permit district judge members only to receive service credit for up to five years of military service without limitation as to number of minimum years of credited service accumulated in order to qualify for the military service credit.

The House Committee on Senior Citizens and Retirement reported HB 4793 favorably with recommendation that an amendment to the bill be adopted limiting the military service credit to be received to two years. 1 HJ 419 (1978). The amendment proposed by the Committee on Senior Citizens and Retirement was not adopted. 1 HJ 715 (1978). HB 4793 passed the House without further pertinent change. 1 HJ 730 (1978).

On second reading, the Senate adopted two amendments to HB 4793:

"1. Amend page 4, line 11, after 'THAN' by striking out '5' and insert '2.'

"2. Amend page 5, line 14, after 'claimed' by inserting 'ARMED SERVICE SHALL NOT BE CREDITED UNTIL THE MEMBER HAS ACCUMULATED 12 YEARS OF CREDITED SERVICE.' " 2 SJ 2107-2108 (1978).

While Amendment No. 2 was placed in subsection (2)(b) rather than in subsection (2)(a) of MCL 38.813b; MSA 27.125(13.2), nevertheless, there can

be no doubt that the requirement of twelve years of credited service in order to secure military service was intended to apply to district court judge members of the system.

As thus approved by the Senate on second reading, district court judge members could secure not more than two years of military service credit, but such service credit could not be obtained by a district court judge member until twelve years of credited service were previously accumulated by the district court judge member. It should be emphasized that at this juncture of its legislative history, HB 4793 provided military service credits *only* for district court judge members and for no other member of the Judges' Retirement System.

HB 4793 was further amended in pertinent part by the Senate on third reading. The following amendment was adopted:

"(4) Amend page 5, line 14, after 'claimed' by inserting 'A MEMBER CLAIMING SERVICE FOR TIME SERVED HONORABLY, ON ACTIVE DUTY, AS A MEMBER OF THE ARMED SERVICES OF THE UNITED STATES MAY USE THE SERVICE CREDIT FOR PURPOSES OF DETERMINING RETIREMENT OR DEATH BENEFITS UNDER THIS SYSTEM TO THE SAME EXTENT THAT THE SERVICE WOULD HAVE BEEN CREDITED HAD IT BEEN RENDERED IN A POSITION COVERED UNDER THIS ACT IF THE MEMBER PAYS INTO THE EMPLOYEES SAVINGS FUND AN AMOUNT EQUAL TO 5% OF THE MEMBER'S SALARY PAID BY THE STATE FOR THE YEAR IN WHICH PAYMENT IS MADE MULTIPLIED BY THE YEARS AND MONTHS OF SERVICE THAT THE MEMBER ELECTS TO PURCHASE UP TO THE MAXIMUM OF 2 YEARS.' " 2 SJ 2149, 2150.

HB 4793 was thereafter enacted without further pertinent change.

, The chronology of the Senate amendments to HB 4793 demonstrates persuasively that the Legislature intended *all* judge members of the Judge's Retirement System, including district court judge members, to be eligible for up to two years of military service credit, provided that the member

has accumulated twelve years of credited service. Although the aforesaid limitation is contained in subsection (2)(b) rather than subsection (2)(a) of MCL 38.813b; MSA 27.125(13.2), the legislative intent is manifest and it must be observed.

It is my opinion, therefore, that a district court judge member of the Judges' Retirement System claiming credit for time honorably served on active duty as a member of the armed forces of the United States may not purchase such service credit until said member has accumulated twelve years of credited service.

Your second question is:

If MCL 318.813(b)(2)(b); MSA 27.125(13.2)(2)(b), requires a district court judge member to accumulate twelve years of credited service in order to receive not more than two years of military service credit, does such a requirement deny equal protection of the laws to such a district court judge member?

US Const, Am XIV, and Const 1963, art 1, § 2, guarantee the equal protection of the laws to every person.

As amended by 1978 PA 453, MCL 38.813(b); MSA 27.125(13.2), treats all members of the Judges' Retirement System as to military service credits in the same manner. No member of the Judges' Retirement System may claim military service credit unless the member has accumulated twelve years of credited services.

The grant of military service credits rests in the sound discretion of the Legislature. There is no constitutional right to receive such credits. In conferring such benefits, the statute is not unconstitutional because it is legislation of a particular kind of character. *Burgess v Detroit,* 359 Mich 269, 280; 102 NW2d 483 (1960). Since it operates equally upon all in the same class, i.e., all members of the Judges' Retirement System, it does not deny equal protection of the laws under US Const, Am XIV, and Const 1963, art 1, § 2. *See, Hughes v Judges' Retirement Board,* 407 Mich 75; 282 NW2d 160 (1979).

It is my opinion, therefore, in answer to your second question, that the requirement of twelve years of accumulated service credit in order to secure military service credit pursuant to MCL 38.813(b); MSA 27.125(13.2), does not violate the Equal Protection of the Laws Clause of either US Const, Am XIV, or Const 1963, art 1, § 2. [Emphasis in original.]

To that opinion, we believe it appropriate to add a few observations. Legislation which grants powers or privileges to individuals, for their own advantage, requires strict construction as against such individuals. *Comm'r of Ins v American Life Ins Co,* 290 Mich 33, 44; 287 NW 368 (1939), quoting with approval from *Bd of Comm'rs of Vigo County v Davis,* 136 Ind 503, 511; 36 NE 141 (1894). And, where a statute is sufficiently ambiguous to necessitate judicial interpretation, the primary duty of the court is to ascertain the intention of the Legislature by examination of the statutory language, the subject matter under consideration, the scope and purpose of the act, other relevant statutes, and the legislative history. All other rules of statutory construction are ancillary to this primary duty, and serve only as guides to assist the courts in determining legislative intent with a greater degree of certainty. *Kizer v Livingston Co Bd of Comm'rs,* 38 Mich App 239; 195 NW2d 884 (1972).

Here, if the final sentence of subparagraph (b) of paragraph (2) of the statute were construed to apply only to judges other than district judges, there would be a serious equal protection problem, for we can conceive of no reason why district judges should be thus favored over their colleagues. This Court could then logically be asked to determine, from the overall purpose of the legislation, whether the Legislature would prefer

eliminating the twelve-year credited service requirement for all judges, or extending it to include district judges. *Day v W A Foote Memorial Hospital,* 412 Mich 698, 703-704; 316 NW2d 712 (1982). Since the construction advanced by the Attorney General in Opinion No. 6304, *supra,* reaches a result which we believe consonant with the legislative intent, then, even if this legislation were open to the interpretation advanced by plaintiff herein, the final outcome would still be the same. *Detroit & M R Co v Alpena Circuit Judge,* 152 Mich 201, 207; 115 NW 724 (1908).

However, we are of the opinion that the Attorney General has correctly reasoned that the twelve-year requirement applies to all judges, including district judges, equally. The only distinction between the treatment accorded district judges and other kinds of judges is in the calculation of the payment that must be made to purchase military service credits, a different formula being provided for district judges than for other kinds of judges, based on historical differences in the manner in which salaries were funded and paid during active judicial service. These distinctions are unrelated to the twelve-year service requirement, which applies, without limitation, to retirement system "members."

Plaintiff herein, who does not have twelve years of credited service, is therefore not eligible to purchase military retirement credits. Accordingly, summary disposition is hereby granted in favor of defendant. MCR 7.216(A)(7).

JUDGE BEASLEY voted to grant leave to appeal, but does not sign this opinion because he believes this issue should receive a full hearing and consideration, rather than summary disposition.