LEHMANN v STATE EMPLOYEES' RETIREMENT SYSTEM

Docket No. 145166. Submitted April 19, 1994, at Lansing. Decided November 8, 1994, at 9:00 A.M. Leave to appeal sought.

Joseph B. Lehmann petitioned the Ingham Circuit Court for review of a decision by the State Employees' Retirement Board that the petitioner was ineligible for early retirement benefits following layoff from a Department of Mental Health facility designated for closure on or after October 1, 1989. The board determined that four years of military service credit purchased by the petitioner before he left state service could not be counted toward meeting the twenty-five-year credited service requirement for early retirement as provided in MCL 38.19(5)(c); MSA 3.981(19)(5)(c). The court, Thomas L. Brown, J., reversed. The State Employees' Retirement System and the State Employees' Retirement Board appealed.

The Court of Appeals *held:*

"Credited service," as used in § 19(5)(c) includes nonintervening military service credited to the account of the retirement system member while the member was an employee of the Department of Mental Health facility.

Affirmed.

CIVIL SERVICE — STATE EMPLOYEES' RETIREMENT SYSTEM — DEPARTMENT OF MENTAL HEALTH — EARLY RETIREMENT — FACILITIES DESIGNATED FOR CLOSURE — CREDITED SERVICE — NONINTERVENING MILITARY SERVICE CREDITS.

Credited service, for purposes of computing the early retirement eligibility of a laid off employee of a Department of Mental Health facility designated for closure on or after October 1, 1989, includes nonintervening military service credited to the proposed retirant's account while the proposed retirant was an employee of the facility (MCL 38.19[5][c]; MSA 3.981[19][5][c]).

*Fraser Trebilcock Davis & Foster, P.C.* (by *Michael E. Cavanaugh*), for the petitioner.

REFERENCES
Am Jur 2d, Pension and Retirement Funds §§ 202, 1647.
See ALR Index under Pension and Retirement.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Walter V. Kron* and *Michael J. Moquin,* Assistant Attorneys General, for the respondents.

Before: McDONALD, P.J., and MURPHY and G. A. DRAIN,* JJ.

PER CURIAM. Respondents appeal as of right from a circuit court order that reversed a decision by the State Employees' Retirement Board to deny petitioner early retirement benefits under § 19(5)(c) of the State Employees' Retirement Act (SERA), MCL 38.19(5)(c); MSA 3.981(19)(5)(c).

The facts are not in dispute. Petitioner worked for the State of Michigan from January 1968 to September 2, 1989. At the time petitioner left state service, he was forty-five years old and had employment service of twenty-one years, seven months, and four days at the Traverse City Regional Psychiatric Hospital. Before petitioner left state service, on August 1, 1989, he purchased four years of military service credit.

Petitioner sought a hearing regarding the denial of benefits. The issue presented essentially involved whether the phrase "credited service . . . as an employee of an agency of the department designated for closure . . ." in § 19(5)(c) limits eligible service to employee service, or whether the Legislature also intended to include nonintervening military service credit purchased by an employee under § 18(2) of the SERA, MCL 38.18(2); MSA 3.981(18)(2).

Following a hearing, the hearing officer denied benefits on the basis that § 19(5)(c) on its face unambiguously requires twenty-five years of em-

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

ployee service. The State Employees' Retirement Board adopted the hearing officer's report.

Petitioner appealed to the circuit court. The circuit court determined purchased military credit could be used to calculate the required twenty-five years of credited service and reversed the board's decision. We affirm.

Legal rulings of administrative agencies will be set aside if they violate the constitution or a statute, or are affected by substantial and material errors of law. MCL 24.306(1)(a) and (f); MSA 3.560(206)(1)(a) and (f) and see *Amalgamated Transit Union v Southeastern Michigan Transportation Authority,* 437 Mich 441; 473 NW2d 249 (1991). We find the board's determination that petitioner is ineligible for early retirement to be affected by a material error of law.

The provision in question, § 19(5)(c) of the SERA, was added by 1989 PA 297, effective January 3, 1990, and was based on House Bill 4781. The bill's purpose, as reflected by the November 1, 1989, Senate Fiscal Agency analysis was to allow members of the State Employees Retirement System who were employees of an agency or facility of the Department of Mental Health and on layoff status because the agency or facility was designated for closure on or after October 1, 1989, to retire with full benefits if one of three conditions applied. The proposed content of the amendment of § 19, as originally introduced on May 8, 1989, was, in pertinent part:

> (5) Notwithstanding any other provision of this section, a member whose employment with the Department of Mental Health is terminated because an agency of the department or a department inpatient facility has been designated by the director of mental health for closure as a result of

the development of community-based county community mental health programs, or due to budgetary constraints, may retire with a retirement allowance computed according to section (20)1, without regard to the reduction in subsection (2), upon satisfaction of any 1 of the following conditions:

\*　\*　\*

(C) The member has 25 or more years of *credited service,* regardless of age, *with 25 or those years as an employee* of an agency of the department designated for closure or a department inpatient facility designated for closure. [Emphasis added.]

The actual content of this provision, as approved on January 2, 1990, and which took effect on January 3, 1990, states:

(5) Notwithstanding any other provision of this section, a member who is an employee of an agency of the department or a department inpatient facility and is on layoff status because the agency or inpatient facility has been designated by the director of mental health for closure on or after October 1, 1989, may retire as provided in subsection (7) or (8), as applicable, with a retirement allowance computed according to section 20(1), without regard to the reduction in subsection (2), upon satisfaction of any one of the following conditions:

\*　\*　\*

(c) The member has 25 or more years of *credited service,* regardless of age, *as an employee* of an agency of the department designed for closure of a department inpatient facility designated for closure. [1989 PA 297, § 19, MCL 38.19; MSA 3.981(19). Emphasis added.]

The other two conditions of § 19(5) have age requirements and "credited service" requirements, but only require that the last five years be as an employee of an agency of the department desig-

nated for closure or a department inpatient facility designated for closure. See subsections a and b of MCL 38.19(5); MSA 3.981(19)(5). However, the instant statutory dispute focuses on whether petitioner meets the twenty-five-year "credited service" requirement in subsection c.

Respondents suggest § 19(5) has its own glossary of how "credited service" should be defined, and that the definition for subsection c is "25 years of service as an employee at the facility being closed." We find no merit to this claim. The SERA contains a specific glossary of terms in § 1, MCL 38.1; MSA 3.981(1). "Credited service" is defined in subsection 1 as "the sum of the prior service and membership service credited to a member's service account."[1] We agree with the circuit court's conclusion that the Legislature intended that this term be defined uniformly throughout the SERA.

Notwithstanding the definition afforded "credited service" in subsection 1, § 19(5)(c) requires judicial interpretation because the term "credited service" has been restricted in § 19(5)(c) by the phrase "as an employee of the agency of the department designated for closure." When construing a statute, this Court presumes that all words have some meaning and will avoid any construction that renders a statute or any part of it surplusage or nugatory. *St George Greek Orthodox Church v Laupmanis Associates, PC,* 204 Mich App 278; 514 NW2d 516 (1994). We must therefore determine what effect the limiting phrase contained in § 19(5)(c) has on the term "credited service."

Respondents argue this Court should defer to

---

[1] There is no dispute that petitioner's military and state service occurred after July 1943, and thus constitutes "membership service" as defined in § 1(k). Further, there is no dispute that petitioner was eligible to purchase nonintervening military service credit under the vesting and other requirements of § 18(2) of the SERA.

their interpretation of § 19(5)(c). We disagree. Initially, we note the board failed to acknowledge below that § 19(5)(c) contains ambiguity requiring construction. Moreover, even had the board recognized interpretation was required, there is no evidence of any longstanding, consistent interpretation of § 19(5)(c) that is entitled to great weight. *Michigan ex rel Oakland Co Prosecutor v Dep't of Corrections,* 199 Mich App 681; 503 NW2d 465 (1993). The short time lapse between the addition of § 19(5), which was effective January 3, 1990, and the board's September 6, 1990, order belies any assertion that a longstanding interpretation of § 19(5)(c) exists.

Giving a reasonable interpretation to § 19(5)(c), we conclude the Legislature intended to include a member's purchased military service. Had the Legislature intended to limit credited service to employee service, it would not have excised from the original draft of House Bill 4781 the language "with 25 of those years as an employee of an agency." However, giving effect to the limitation in § 19(5)(c) that the "credited service" must be "as an employee of the department designated for closure . . ." we conclude the only purchased nonintervening military service the Legislature intended to include under § 19(5)(c) is nonintervening military service credited to the member's service account while the member was an employee of the facility designated for closure. This interpretation comports with the rule of strict construction advanced by respondents for individual privileges granted by the Legislature, *Kerby v Judges' Retirement Bd,* 166 Mich App 302; 420 NW2d 195 (1988), but at the same time effectuates the presumption that the Legislature intends statutory amendments be construed harmoniously with other provisions of the statute, *Glazer v Lamkin,*

201 Mich App 432; 506 NW2d 570 (1993), by giving effect to the definition of "credited service" contained in § 1(1) of the act.

Thus, we find the circuit court properly reversed the board's decision, but limit the court's interpretation of § 19(5)(c) so that only that nonintervening military service that is credited to a member's service account while the member is an employee of the facility designated for closure may be included in the twenty-five-year calculation.

Affirmed.