MICHIGAN RESIDENTIAL CARE ASSOCIATION v DEPARTMENT
OF SOCIAL SERVICES

Docket No. 151579. Submitted September 9, 1994, at Lansing. Decided
November 7, 1994, at 9:15 A.M.

The Michigan Residential Care Association and others petitioned
the Ingham Circuit Court for a declaration regarding the duty
of the Department of Social Services to pay for health and
sanitation inspections of adult foster care facilities performed
pursuant to § 11(1) of the Adult Foster Care Facility Licensing
Act, MCL 400.711(1); MSA 16.610(61)(1). The court, Lawrence
M. Glazer, J., entered a declaratory judgment order finding
that the respondent could not require the petitioners to pay for
the inspections as a condition of licensure. The respondent
appealed.

The Court of Appeals *held:*

Because the statute is silent with regard to who must pay for
the inspections, the Court of Appeals will not find a require-
ment that the petitioners bear the cost. The Court of Appeals
may not speculate regarding the probable intent of the Legisla-
ture beyond the words employed by the statute.

Affirmed.

SOCIAL SERVICES — LICENSES — ADULT FOSTER CARE FACILITIES —
HEALTH AND SANITATION INSPECTIONS — COST OF INSPECTIONS.

The Adult Foster Care Facility Licensing Act provides that a
health and sanitation inspection of an adult foster care facility
must be conducted upon the request of the Department of
Social Services by the department's staff, the Department of
Public Health, or a local health department; the act does not
authorize the Department of Social Services to require adult
foster care licensees to pay for health and sanitation inspec-
tions as a condition of licensure (MCL 400.711[1]; MSA
16.610[61][1]).

*Frank J. Kelley,* Attorney General, *Thomas L.*

REFERENCES

Am Jur 2d, Health § 26.
See ALR Index under Social Service Agency.

*Casey,* Solicitor General, and *Robert S. Welliver,* Assistant Attorney General, for the Department of Social Services.

*Hale, Stein, Fosdick, Murphy & Associates, P.C.* (by *Mark W. Fosdick* and *Kathleen M. Murphy*), for the petitioners.

Before: MURPHY, P.J., and HOOD and P. ED-WARDS,* JJ.

MURPHY, P.J. Respondent Department of Social Services appeals as of right from a declaratory judgment. We affirm.

The issue is whether an adult foster care facility or the DSS must pay for health and sanitation inspections performed pursuant to § 11(1) of the Adult Foster Care Facility Licensing Act (AFCFLA), MCL 400.11(1); MSA 16.610(61)(1).[1] Section 11(1) of the AFCFLA provides that a health and sanitation inspection of an adult foster care facility shall be conducted upon the request of the DSS by DSS staff, the Department of Public Health (DPH), or a local health department. However, the statute is silent about whether the DSS or the adult foster care facility must pay for the inspection.

Before fiscal year 1990-91, the Legislature appropriated money in the DPH budget to pay for inspections requested by the DSS under § 11(1). Evidently, after the Legislature did not appropriate any money in the DPH budget for the inspections in fiscal year 1990-91, the DSS announced that the adult foster care facilities would be required to pay for health and sanitation inspections themselves.

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

[1] MCL 400.701 *et seq.*; MSA 16.610(51) *et seq.* was amended by 1992 PA 176. The statute was amended after the circuit court issued its declaratory ruling and has no effect on this case.

Petitioners, two adult foster care facilities and a nonprofit association of adult foster care facility owners and operators, subsequently requested that respondent issue a declaratory ruling pursuant to § 63 of the Administrative Procedures Act, MCL 24.263; MSA 3.560(163). In effect, petitioners sought a ruling that respondent could not require petitioners to pay for health and sanitation inspections performed pursuant to § 11(1). When respondent refused to issue a declaratory ruling, petitioners filed a suit in the circuit court seeking a declaration that § 11(1) of the AFCFLA required the DSS to request health and sanitation inspections and that the DSS did not have authority to refuse to issue or renew a license if the respondent did not request a health and sanitation inspection or perform such an inspection itself.

The circuit court ruled that § 11(1) required respondent to request the DPH or a local health department to perform health and sanitation inspections of adult foster care facilities or to perform such inspections itself. In addition, the circuit court ruled that respondent was not authorized to require adult foster care licensees to request and pay for health and sanitation inspections as a condition of licensure. The circuit court therefore ordered respondent not to refuse to issue a new license or renew an existing license because the licensee had not requested and paid for the health and sanitation inspection and to cease requiring licensees to request and pay for such inspections. Respondent appeals as of right.

This Court's review of a declaratory judgment is de novo. *Taylor v Blue Cross & Blue Shield of Michigan,* 205 Mich App 644, 649; 517 NW2d 864 (1994). However, we will not reverse a trial court's factual findings unless they are clearly erroneous. *Id.*

Resolution of this issue requires this Court to consider the language of § 11(1) of the AFCFLA. Section 11(1) provided at the time of this action:

> (1) The director, the director's agent, or personnel of another department or agency, acting at the request of the director, may enter upon the premises of an applicant or licensee at a reasonable time to make inspections, as permitted by applicable law, to determine whether the applicant or licensee is complying with this act and the rules promulgated under this act. A health and sanitation inspection of an adult foster care facility shall be conducted upon the request of the department by 1 of the following:
> (a) Department staff.
> (b) The department of public health.
> (c) A local health department. [MCL 400.711(1); MSA 16.610(61)(1).]

The statute is silent about who must bear the cost for the health and sanitation inspections.

By asking this Court to find that the DSS is not required to pay for inspections performed pursuant to § 11(1), respondent apparently would have this Court impose upon petitioners the obligation to pay for health and sanitation inspections. However, we decline to read into § 11(1) a requirement that the adult foster care facilities bear the cost of the inspections when the statute does not contain such a requirement. "Nothing will be read into a statute that is not within the manifest intention of the Legislature as gathered from the act itself." *Evans v Hebert,* 203 Mich App 392, 404; 513 NW2d 164 (1994). This Court is precluded from reading into the AFCFLA something not otherwise clearly therein. See *Jefferson Schools v Detroit Edison Co,* 154 Mich App 390, 393; 397 NW2d 320 (1986).

Furthermore, because the statute is silent with regard to who must pay for the inspections, this

Court is precluded from attempting to determine what the Legislature may have intended regarding who should pay for health and sanitation inspections under § 11(1). "Courts may not speculate about the probable intent of the Legislature beyond the words employed in the statute." *Lindsay Anderson Sagar Trust v Dep't of Treasury,* 204 Mich App 128, 130; 514 NW2d 514 (1994).

The constitutional duty of courts is to interpret and apply the law, not to enact laws. *Pontiac School Dist v Pontiac,* 262 Mich 338, 353; 247 NW 474 (1933). The Michigan Constitution vests the power to enact laws in the Legislature alone. Const 1963, art 4, § 1. Therefore, if respondent seeks to impose upon petitioners the obligation to pay for health and sanitation inspections under § 11(1), respondent's remedy is to seek an amendment of the AFCFLA through the legislative process.[2]

Unless the Legislature amends § 11(1) of the AFCFLA, this Court's duty is only to interpret the statute as it exists. See *Morgan v Taylor,* 434 Mich 180, 192; 451 NW2d 852 (1990). Because the statute as it exists is silent about who must pay for health and sanitation inspections and this Court is precluded from speculating regarding the probable intent of the Legislature beyond the words employed by the statute, we affirm the declaratory ruling of the circuit court.

Affirmed.

---

[2] We note that in November 1990, after learning that the Legislature did not appropriate any money in the Department of Public Health budget to pay for the inspections under § 11(1), respondent apparently contacted the Legislature regarding an amendment of § 11 of the AFCFLA. Respondent proposed an amendment that would have required a licensee to request and pay for health and sanitation inspections if respondent did not request such inspections under § 11(1). Respondent's proposed amendment did not become law. However, the Legislature's refusal or unwillingness to act does not change the fact that respondent's remedy lies with the Legislature, not this Court.