## PLIETH v ST RAYMOND CHURCH

Docket No. 166008. Submitted January 18, 1995, at Lansing. Decided May 12, 1995, at 9:55 A.M. Leave to appeal sought.

Frederick and Margaret Plieth brought an action in the Wayne Circuit Court against St. Raymond Church, the Archdiocese of Detroit, and Reverend Ralph L. Quane, seeking damages resulting from Frederick's discharge from employment on the basis of age discrimination in violation of the Civil Rights Act. The court, Diane M. Hathaway, J., denied the plaintiffs' motion for summary disposition and granted summary disposition for the defendants. The plaintiffs appealed.

The Court of Appeals *held:*

1. The defendants' consideration of Frederick's eligibility for pension and medical benefits did not automatically constitute an improper consideration of age. The plaintiffs did not show that Father Quane supposed a correlation between Frederick's age and pension status and acted accordingly. The mere fact that Frederick was eligible for a pension is not enough for the Court of Appeals to infer age discrimination. Where an employer's decision is wholly motivated by factors other than age, even if the motivating factor is correlated with age, there is no disparate treatment under the Civil Rights Act.

2. Because the evidence showed that the parish's financial condition was the impetus for the layoff, the plaintiffs were required to present evidence that age was a determining factor in the decision to discharge Frederick. The plaintiffs did not make such a showing. The plaintiffs failed to present a prima facie case.

Affirmed.

REFERENCES

Am Jur 2d, Civil Rights §§ 226, 233; Job Discrimination §§ 168-172.

Validity and construction of labor legislation prohibiting discrimination on account of age. 29 ALR3d 1407.

Application of state law to age discrimination in employment. 96 ALR3d 195.

Proving that discharge was because of age, for purpose of Age Discrimination in Employment Act (29 USCS §§ 621, et seq.) 58 ALR Fed 94.

CIVIL RIGHTS — AGE DISCRIMINATION — EMPLOYMENT.
> There is no disparate treatment based on age where an employer's decision to discharge an employee is wholly motivated by factors other than age, even if the motivating factors are correlated with age, such as the employee's pension status or seniority (MCL 37.2202; MSA 3.548[202]).

*Chambers Steiner* (by *Angela J. Nicita*), for the plaintiffs.

*Bodman, Longley & Dahling* (by *Joseph A. Sullivan, Karen L. Piper,* and *Lisa M. Panourgias*), for the defendants.

Before: CAVANAGH, P.J., and HOLBROOK, JR., and MARKEY, JJ.

PER CURIAM. Plaintiff[1] filed suit against defendants alleging age discrimination in violation of the Civil Rights Act, MCL 37.2202(1)(a); MSA 3.548(202)(1)(a). Plaintiff appeals as of right the trial court's order granting defendants' motion for summary disposition and denying plaintiff's motion for summary disposition, both pursuant to MCR 2.116(C)(10). We affirm.

St. Raymond Church is a Roman Catholic parish located in the City of Detroit. The parish is under the jurisdiction of the Archdiocese of Detroit.

In August 1991, the Reverend Ralph L. Quane became the pastor of St. Raymond. At that time, the parish was experiencing financial difficulties. The parish relies heavily on Sunday collections to cover its operating expenses. Between August 1991 and January 1992 the number of families in the parish declined from approximately 1,500 to approximately 1,250.

---

[1] Margaret Plieth, Frederick Plieth's wife, joins him as plaintiff. Because her loss of consortium claim is derivative and dependent on Mr. Plieth's claim, and to avoid confusion, we will refer only to plaintiff Frederick Plieth.

In December 1991, the archdiocese completed an audit of the parish. A separate financial study and organizational analysis was completed by the Plante & Moran accounting firm in January 1992. These audits revealed that the parish's debts exceeded $200,000. Plante & Moran recommended that the parish reorganize its staff and consolidate responsibilities.

At the beginning of 1992, the parish employed three maintenance workers: plaintiff, age sixty-two; Dennis Quigley, age thirty-three; and Frank Pfeiffer, age sixty-three. Plaintiff had worked at St. Raymond since 1969. Quigley was hired in 1978 and Pfeiffer was hired in 1985.

Among other changes, Father Quane decided to consolidate the parish's maintenance duties into two positions. On May 15, 1992, Father Quane notified plaintiff and four other employees[2] that their positions were being eliminated.

On July 24, 1992, plaintiff filed a complaint alleging age discrimination against St. Raymond Church, the Archdiocese of Detroit, and Father Quane. Both parties subsequently sought summary disposition pursuant to MCR 2.116(C)(10).

The trial court determined that plaintiff has failed to establish a prima facie case of age discrimination and that, even if plaintiff had established a prima facie case, defendants had articulated legitimate, nondiscriminatory reasons for discharging plaintiff. Therefore, on June 7, 1993, the trial court denied plaintiff's motion for summary disposition and granted defendants' motion for summary disposition.

_____

[2] The other four employees were Camille J. Biernacki, religious education secretary, age forty; Catherine N. Fisette, director of religious education, age thirty-one; Catherine R. Garofalo, school librarian, age sixty-three; and Dorcas Kolodziej, school secretary, age sixty-eight.

Plaintiff appealed. On appeal, plaintiff argues that the trial court erred in denying his motion for summary disposition and in granting defendants' motion.

On appeal, an order granting or denying summary disposition is reviewed de novo. A motion for summary disposition may be granted pursuant to MCR 2.116(C)(10) when, except with regard to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Giving the benefit of reasonable doubt to the nonmovant, the trial court must determine whether a record might be developed that would leave open an issue upon which reasonable minds might differ. *Michigan Mutual Ins Co v Dowell,* 204 Mich App 81, 85-86; 514 NW2d 185 (1994).

Plaintiff's claim of age discrimination is based upon the Civil Rights Act, which provides in relevant part:

> (1) An employer shall not do any of the following:
>
> (a) Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of . . . age. [MCL 37.2202; MSA 3.548(202).]

The burden of proof in an age discrimination case is allocated as follows: (1) the plaintiff has the burden of proving a prima facie case of discrimination by a preponderance of the evidence; (2) if the plaintiff is successful in proving a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions; and (3) the plaintiff then has the burden of proving by a preponderance of the evidence that

the legitimate reason offered by the defendant was merely a pretext. *Barnell v Taubman Co, Inc,* 203 Mich App 110, 120; 512 NW2d 13 (1993).

To establish a prima facie case of age discrimination under the disparate treatment theory, plaintiff must show that he was a member of a protected class and that he was treated differently than persons of a different class for the same or similar conduct. *Id.* at 120-121.

Age need not be the only reason or main reason for the discharge, but it must be one of the reasons that made a difference in determining whether to discharge a person. *Id.* at 121. Therefore, the question is whether age was a determining factor in plaintiff's discharge.

Plaintiff contends that the trial court failed to give proper weight to Father Quane's deposition testimony. During his deposition, Father Quane stated that before terminating any employees, he had looked into the employees' benefits and found that, unlike Quigley and Pfeiffer, plaintiff would be able to retain his pension[3] and medical benefits. At one point, Father Quane stated that he partly based his decision on the fact that plaintiff would continue to receive benefits and the other two maintenance workers would not.[4]

For purposes of this appeal, we will take the facts in the light most favorable to plaintiff and assume that plaintiff's eligibility for a pension and medical benefits did influence Father Quane's

[3] Plaintiff's eligibility for a pension was based on his having worked a sufficient number of years at a sufficient number of hours per week and on his having reached retirement age.

[4] Father Quane maintains that two factors also mentioned during the deposition controlled his decision. First, he wished to retain employees who worked mainly in the school over other employees. Although there was some overlap, Quigley and Pfeiffer worked primarily in the school and plaintiff worked primarily in the church and rectory. Second, Father Quane believed that, compared to Quigley and Pfeiffer, plaintiff was an inferior worker.

choice of which employee to lay off. Therefore, the issue presented is whether consideration of an employee's eligibility for benefits automatically constitutes an improper consideration of age. We conclude that it does not.

Michigan courts have considered federal law when reviewing claims of age discrimination based on state law. *Featherly v Teledyne, Industries, Inc*, 194 Mich App 352, 357-358; 486 NW2d 361 (1992). The United States Supreme Court has held that an employer does not violate the Age Discrimination in Employment Act of 1967 (ADEA), 29 USC 621 *et seq.*, by acting on the basis of a factor, such as the employee's pension status or seniority, that is empirically correlated with age. *Hazen Paper Co v Biggins*, 507 US —; 113 S Ct 1701; 123 L Ed 2d 338, 345-346 (1993).

In *Hazen*, the employee charged that the employer had deliberately fired him a few weeks before his pension benefits vested. The Court concluded that there is no disparate treatment under the ADEA when the factor motivating the employer is something other than the employee's age. 123 L Ed 2d 345, 346. The Court explained:

> It is the very essence of age discrimination for an older employee to be fired because the employer believes that productivity and competence decline with old age. . . .
> When the employer's decision *is* wholly motivated by factors other than age, the problem of inaccurate and stigmatizing stereotypes disappears. This is true even if the motivating factor is correlated with age, as pension status typically is. [123 L Ed 2d 347. Emphasis in original.]

As with the ADEA, the Civil Rights Act is aimed at the prejudices and biases borne against persons because of their membership in a certain class.

The act seeks to eliminate the effects of offensive or demeaning stereotypes, prejudices, and biases. *Radtke v Everett,* 442 Mich 368, 379; 501 NW2d 155 (1993).

Plaintiff has presented no evidence that Father Quane supposed a correlation between plaintiff's age and pension status and acted accordingly. See *Hazen, supra,* 123 L Ed 2d 348. The mere fact that plaintiff was eligible for a pension is not enough for this Court to infer age discrimination. See *Gaworski v ITT Commercial Finance Corp,* 17 F3d 1104, 1120 (CA 8), cert den — US —; 115 S Ct 355; 130 L Ed 2d 310 (1994).

Even if our analysis regarding age discrimination and pension status had reached a different result, plaintiff still would not have met his burden of proof. Plaintiff does not challenge defendants' assertion that the parish's financial condition was the impetus for the layoffs. When an employer lays off employees for economic reasons, the employee bears a greater burden of proof in establishing discrimination. In such a case, the employee must present evidence that age was a determining factor in the decision to discharge him. *Matras v Amoco Oil Co,* 424 Mich 675, 684; 385 NW2d 586 (1986); *Reisman v Regents of Wayne State Univ,* 188 Mich App 526, 540; 470 NW2d 678 (1991). At best, plaintiff has offered evidence that his pension eligibility played some part in Father Quane's decision to terminate him rather than the other two maintenance workers. Plaintiff has made no showing that his pension eligibility—and therefore, in plaintiff's argument, his age—was a determining factor in that decision.

We conclude that plaintiff has not met his burden of proving a prima facie case of age discrimination by a preponderance of the evidence. There-

fore, the trial court did not err in denying plaintiff's motion for summary disposition and in granting defendants' motion for summary disposition.

Affirmed.