SPAGNUOLO v RUDDS #2, INC

Docket No. 191341. Submitted January 8, 1997, at Lansing. Decided February 4, 1997, at 9:05 A.M.

Barbara A. Spagnuolo brought an action in the Ingham Circuit Court against Rudds #2, Inc., seeking damages for injuries sustained when the plaintiff fell in her wheelchair while attempting to maneuver around a trash barrel located on a raised sidewalk immediately adjacent to the defendant's fast-food restaurant. The accident occurred when one of the wheels of the wheelchair slipped off the sidewalk, which was elevated a few inches above the level of the adjacent parking lot. The court, Peter D. Houk, J., granted summary disposition for the defendant with regard to the plaintiff's claims of common-law negligence and violation of the Michigan Handicappers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court properly granted summary disposition with regard to the negligence claim because no record could be developed upon which reasonable minds could differ regarding the defendant's duty to the plaintiff. The risk of harm from steps, for purposes of a premises liability action, is presumptively reasonable. It is only when there is something unusual about the character, location, or surrounding conditions of steps that the duty of a premises owner to exercise reasonable care comes into play. Further, such reasonable care would only be implicated if the risk of harm would remain despite knowledge of it by the invitee. Here, there was nothing out of the ordinary regarding the character, location, or surrounding conditions of the area in question.

2. The trial court properly found that the plaintiff failed to state a claim under the Handicappers' Civil Rights Act. The plaintiff was fully accommodated during her visit to the restaurant. The Handicappers' Civil Rights Act does not provide an independent tort remedy for persons injured at a place of public accommodation because they are handicapped.

Affirmed.

1. NEGLIGENCE — PREMISES LIABILITY — STEPS.

The risk of harm from steps, for purposes of a premises liability action, is presumptively reasonable; only when there is something unusual about the character, location, or surrounding conditions of steps does the duty of a premises owner to exercise reasonable care come into play; further, such reasonable care is implicated only if the risk of harm would remain despite knowledge of it by an invitee.

2. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — ACTIONS — TORTS.

The Handicappers' Civil Rights Act does not provide an independent tort remedy for persons injured at a place of public accommodation because they are handicapped (MCL 37.1101 *et seq.*; MSA 3.550[101] *et seq.*).

*Dunnings and Frawley, P.C.* (by *John J. Frawley*), for the plaintiff.

*Foster, Swift, Collins & Smith, P.C.* (by *William R. Schulz*), for the defendant.

Before: MARKMAN, P.J., and O'CONNELL and D. J. KELLY*, JJ.

PER CURIAM. Plaintiff appeals as of right a trial court order granting defendant's motion for summary disposition. Plaintiff, who at the time used a wheelchair, fell while attempting to maneuver her wheelchair around a trash barrel located on a sidewalk immediately adjacent to defendant's fast-food restaurant. Plaintiff filed an action alleging both common-law negligence and a violation of the Michigan Handicappers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* The trial court granted defendant's motion for summary disposition of the first count pursuant to MCR 2.116(C)(10) and of the second count pursuant to MCR 2.116(C)(8). We affirm.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff testified that she left defendant's restaurant through its west door and proceeded to wheel herself in a southerly direction down the sidewalk running adjacent to the west side of the building. The sidewalk was elevated a few inches above the level of the adjacent parking lot. After wheeling approximately eight feet, plaintiff approached a trash barrel positioned directly in front of her on the sidewalk and against the west wall of the building. Plaintiff testified that she "recognized it was going to be at best, a tight squeeze" for her to get her wheelchair by the trash barrel and still remain on the sidewalk. However, plaintiff did not reenter the building through the west door and proceed out the east door through which she had successfully entered. Instead, she attempted to negotiate her wheelchair past the trash barrel. The right, large wheel of her chair slipped off the sidewalk onto the adjacent parking area and her chair tumbled over onto its right side, resulting in injuries to plaintiff.

Plaintiff first argues that the trial court erred in granting summary disposition of her common-law negligence claim. She maintains that a genuine issue of material fact existed whether, given the position of defendant's trash barrel on the elevated sidewalk, an unreasonable risk of harm was created to the average user. The Supreme Court recently clarified the rule of premises liability in *Bertrand v Alan Ford, Inc*, 449 Mich 606; 537 NW2d 185 (1995). In *Bertrand*, the Supreme Court established that the risk of harm from steps is presumptively reasonable. *Id.* at 616-617. Only when there is something "unusual" about the "character, location, or surrounding conditions" of steps does the duty of a premises owner to exercise reasonable

care come into play. *Id.*[1] Further, such "reasonable care" would only be implicated if the risk of harm would remain *despite* knowledge of it by an invitee. *Id.* at 611.[2]

Here, plaintiff offered no evidence to establish that the "character, location, or surrounding conditions" of the area in question were out of the ordinary. Indeed, the record indicates that the sidewalk, adjacent parking area, and positioning of the trash barrel were wholly unremarkable. Moreover, defendant could not have reasonably anticipated that an invitee in a wheelchair who encountered the trash barrel as positioned would attempt to bypass the trash barrel (as plaintiff did) despite knowledge that there was likely insufficient room to do so (as plaintiff herself admitted). Therefore, even granting the benefit of reasonable doubt to plaintiff, no record could be developed upon which reasonable minds could differ regarding defendant's duty to plaintiff. The trial court properly granted summary disposition of plaintiff's negligence claim for defendant pursuant to MCR 2.116(C)(10). *Taylor v Lenawee Co Bd of Co Rd Comm'rs*, 216 Mich App 435, 437; 549 NW2d 80 (1996).

---

[1] We note and reject plaintiff's contention that the instant condition was not obvious because the average user could not have ascertained whether there was sufficient clearance to bypass the trash barrel without actually attempting to do so. Under plaintiff's reasoning, whether an alleged condition is "dangerous" would depend solely upon whether it had *already* caused injury; conversely, if a user had somehow managed to successfully bypass the trash barrel, the condition would automatically be labeled "nondangerous." This is not the standard under *Bertrand*.

[2] We also note that the trial court's determination that the alleged hazard here was "open and obvious" was based on the fact that plaintiff was admittedly aware of the risk and able to evaluate it. However, no such awareness is required; rather, the risk of harm from steps and their surrounding conditions is *presumptively* reasonable. *Bertrand, supra.*

We note plaintiff's argument that a reasonable jury could have concluded that defendant should have installed a guardrail along the sidewalk in question. We disagree, especially given the unremarkable nature of the conditions surrounding the sidewalk. Defendant was not required to make its entire premises "foolproof." *Bertrand, supra* at 616-617.

Plaintiff next argues that the trial court erred in holding that she had failed to state a claim under the HCRA. She maintains that her inability to gain access to defendant's restaurant through the "handicap" door constituted a violation under the HCRA. "[T]he HCRA prohibits discrimination on the basis of handicap." *Jenkins v Carney-Nadeau Public School*, 201 Mich App 142, 145; 505 NW2d 893 (1993). It requires persons to accommodate a handicapper for purposes of public accommodation unless they can demonstrate that the accommodation would impose an undue hardship. MCL 37.1102(2); MSA 3.550(102)(2). It forbids persons to deny individuals "the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation" because of a handicap unrelated to the use and benefit thereof. MCL 37.1302(a); MSA 3.550(302)(a).

Here, plaintiff testified that she initially found that the designated "handicap" door on the south side of the building was either locked or stuck and that she therefore could not open it. Plaintiff testified that she then wheeled herself around the corner of the building and was able to enter the restaurant through the east door. She further indicated that the designated "handicap" door was in fact no different from any other door leading into defendant's restaurant, but

that it had a "wheely" sticker on it because it was the door closest to the ramp that led from the parking lot to the sidewalk. Finally, plaintiff indicated that she received routine service while in the restaurant. In short, plaintiff was fully accommodated during her visit to defendant's restaurant. Because the HCRA requires no more, MCL 37.1102(2); MSA 3.550(102)(2) and MCL 37.1302; MSA 3.550(302), plaintiff could not state a valid claim based on the HCRA.[3] Specifically, no language in the HCRA provides an independent tort remedy for persons injured at a place of public accommodation because they are handicapped. Accordingly, plaintiff's HCRA claim is so clearly unenforceable as a matter of law that no factual development could provide a basis for recovery, and the trial court properly granted summary disposition of plaintiff's HCRA claim for defendant pursuant to MCR 2.116(C)(8). *Ladd v Ford Consumer Finance Co, Inc*, 217 Mich App 119, 124; 550 NW2d 826 (1996).

Affirmed.

---

[3] Plaintiff cites no authority to support her contention that the fact that she could not gain access to the restaurant through the designated "handicap" door was a prima facie violation of the HCRA, notwithstanding that the stickered door offered no different access to the restaurant than did any other door.