HOTTMANN v HOTTMANN

Docket No. 190028. Submitted April 9, 1997, at Detroit. Decided October 24, 1997, at 9:25 A.M.

Randall and Cynthia Hottmann brought an action in the Oakland Circuit Court against Richard and Deborah Hottmann, seeking damages for injuries sustained by Randall when he fell while helping to put a new roof on the defendants' house and garage. Randall, Richard's brother, was not being paid for his services at the time of the accident. The plaintiffs alleged that the defendants breached the duty of care owed to invitees by failing to maintain the premises in a reasonably safe condition and negligently allowed Randall to work on the roof without following the safety precautions required by the Michigan Occupational Safety and Health Act (MIOSHA), MCL 408.1001 *et seq.*; MSA 17.50(1) *et seq.* The court, Robert L. Templin, J., granted summary disposition for the defendants. The plaintiffs appealed.

The Court of Appeals *held*:

1. Although the danger of falling off a steep roof is open and obvious, the risk of falling is not eliminated by awareness of the hazard. The fact that the danger was open and obvious does not relieve the defendants of the duty to take reasonable precautions to prevent such falls. A genuine issue of material fact remains regarding whether the defendants took reasonable care to prevent harm to Randall while Randall and Richard were working on the steep roof. Although Randall may be comparatively negligent for going on the roof without utilizing whatever additional safety measures he considered appropriate, such negligence does not vitiate the defendants' duty to take reasonable care for the safety of their invitees. This part of the trial court's order must be reversed and the matter must be remanded for further proceedings.

2. The trial court properly held that the MIOSHA regulations were inadmissible evidence in this case. Nothing in the language of the MIOSHA suggests that it should be applied to homeowners' do-it-yourself projects, nor is it reasonable to expect the average homeowner engaging in such a project to be familiar with and comply with the MIOSHA regulations.

Affirmed in part, reversed in part, and remanded.

Sawyer, P.J., dissenting in part, stated that the trial court properly found that the open and obvious danger doctrine bars the plaintiffs' claims in this case. The open and obvious danger doctrine does not apply where, despite the danger being open and obvious, the invitee is nevertheless obligated to face the danger and cannot take reasonable means to protect himself from the danger. Here, although the danger was open and obvious, Randall could have provided for his own safety by assessing the danger and avoiding it entirely or enlisting whatever safety measures he felt were appropriate.

1. Negligence — Premises Liability — Invitees.

A possessor of land who may not have an obligation to warn invitees of an open and obvious danger may still have a duty to protect invitees against foreseeably dangerous conditions; if the particular activity or condition creates a risk of harm only because the invitee does not discover the condition or realize its danger, then the open and obvious danger doctrine will cut off liability if the invitee should have discovered the condition and realized its danger; if the risk of harm remains unreasonable, despite its obviousness or despite knowledge of it by the invitee, then the circumstances may be such that the invitor is required to undertake reasonable precautions; the comparative negligence of the invitee does not vitiate the invitor's duty to take reasonable care for the safety of the invitee.

2. Master and Servant — Michigan Occupational Safety and Health Act — Do-It-Yourself Projects.

The Michigan Occupational Safety and Health Act is not intended to apply to a homeowner's do-it-yourself project; the average homeowner is not expected to be familiar with and comply with the regulations of the act (MCL 408.1001 et seq.; MSA 17.50[1] et seq.).

3. Master and Servant — Michigan Occupational Safety and Health Act — Words and Phrases — Employer — Employ.

The Michigan Occupational Safety and Health Act defines an employer as an individual or organization that employs one or more persons; the term "employ" should be viewed as being linked to the payment of compensation to the employee (MCL 408.1005[2]; MSA 17.50[5][2]).

*David D. Kohl*, for the plaintiff.

*Orlans & Sherbow, P.C.* (by *Linda M. Orlans*), for the defendants.

Before: Sawyer, P.J., and Murphy and Cavanagh, JJ.

CAVANAGH, J. Plaintiffs Randall and Cynthia Hottmann appeal as of right the trial court order granting defendants Richard and Deborah Hottmann's motion for summary disposition pursuant to MCR 2.116(C)(10) in this premises liability action. We affirm in part, reverse in part, and remand for further proceedings.

In the autumn of 1993, defendants were remodeling their Oxford home. On November 21, 1993, Richard Hottmann (hereafter defendant) enlisted the help of his brothers, Randall Hottmann (hereafter plaintiff) and Robert Hottmann, in putting a new roof on the house and garage. In a deposition, plaintiff testified that he was not paid for his services and did not expect anything in return for his assistance. Plaintiff explained that family members regularly helped one another with similar projects, and defendant previously had contributed to work plaintiff had done on his own home.

The new roof on defendant's house had a twelve-by-twelve pitch, that is, it was set at a forty-five-degree angle. Because of the unusually steep roof pitch, plaintiff proposed that they use roof jacks to build a temporary walkway to stand on while working. However, after some discussion, it was decided that they would not use the roof jacks because they did not have enough.[1] Instead, defendant nailed two-

---

[1] Plaintiff's deposition contains the following exchange:

*Q. [Defendant's counsel]:* Had you told your brother to use the roof jacks on this project?

*A.* We discussed it, and we came to the conclusion that—he came to the conclusion that we didn't have enough of them to use, so we used 2 x 4's instead.

*Q.* Did you participate in that decision?

by-four boards to the plywood roofing to provide a foothold for working on the roof. While walking along one of the two-by-four boards, plaintiff fell and broke his arm.

On December 19, 1994, plaintiff and his wife filed their complaint against defendant and his wife. Plaintiff alleged that he was an invitee at the time he was working on the roof, and that defendant breached the duty of care owed to invitees by failing to maintain the premises in a reasonably safe condition. Plaintiff further alleged that defendant negligently allowed him to work on the roof without following the safety precautions required by the Michigan Occupational Safety and Health Act (MIOSHA), MCL 408.1001 *et seq.*; MSA 17.50(1) *et seq.*

Defendants moved for summary disposition pursuant to MCR 2.116(C)(8) and (10). On October 23, 1995, the trial court held that the danger of falling off the roof was open and obvious and therefore defendant could not be found liable for negligence under *Riddle v McLouth Steel Products Corp*, 440 Mich 85; 485 NW2d 676 (1992). The trial court also found that plaintiff was not an employee at the time the accident occurred and therefore was not covered by the MIOSHA regulations. Accordingly, the trial court granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(10). The order incorporating this decision was entered the same day.

---

[*Plaintiff's counsel*]: The decision part?
[*Defendant's counsel*]: Yes.
*A.* That's up to the homeowner.

I

Plaintiff first argues that the trial court erred in granting defendant's motion for summary disposition on the basis that the danger was open and obvious. On appeal, an order granting or denying summary disposition is reviewed de novo. A motion for summary disposition may be granted pursuant to MCR 2.116(C)(10) when, except with regard to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Giving the benefit of reasonable doubt to the nonmovant, the trial court must determine whether a record might be developed that would leave open an issue upon which reasonable minds might differ. *Plieth v St Raymond Church*, 210 Mich App 568, 571; 534 NW2d 164 (1995).

A landowner's duty to a visitor depends on that visitor's status. *Stanley v Town Square Cooperative*, 203 Mich App 143, 146; 512 NW2d 51 (1993). In the present case, because plaintiff was on defendant's premises for the purpose of performing services beneficial to defendant, he had the status of an invitee rather than a mere licensee. See *id.* at 147; *Leveque v Leveque*, 41 Mich App 127, 130-131; 199 NW2d 675 (1972).

In *Bertrand v Alan Ford, Inc*, 449 Mich 606; 537 NW2d 185 (1995), the Supreme Court clarified the duty owed by a landowner to an invitee where a dangerous condition is open and obvious. The Court stated that, while a possessor of land may have no obligation to warn invitees of an open and obvious danger, he may still have a duty to protect invitees against foreseeably dangerous conditions. *Id.* at 610-611. The Court explained:

[T]he rule generated is that if the particular activity or condition creates a risk of harm only because the invitee does not discover the condition or realize its danger, then the open and obvious doctrine will cut off liability if the invitee should have discovered the condition and realized its danger. On the other hand, if the risk of harm remains unreasonable, despite its obviousness or despite knowledge of it by the invitee, then the circumstances may be such that the invitor is required to undertake reasonable precautions. The issue then becomes the standard of care and is for the jury to decide. [*Id.* at 611.]

In the present case, as both parties agree, the danger of falling off a steep roof is open and obvious. However, the risk of falling is not eliminated by awareness of the hazard. In this circumstance, the fact that the danger was open and obvious does not relieve defendant of the duty to take reasonable precautions to prevent such falls.[2] See *id.*

A property owner is not required to make his entire premises "foolproof." *Id.* at 616-617; *Spagnuolo v Rudds #2, Inc*, 221 Mich App 358, 362; 561 NW2d 500 (1997). Nevertheless, a genuine issue of fact remains regarding whether defendant took reasonable care to prevent harm to plaintiff while they were working on the steep roof. While plaintiff may be comparatively negligent for going on the roof without utilizing whatever additional safety measures he considered

---

[2] Given the passage from *Bertrand* quoted, we do not find persuasive our dissenting colleague's conclusion that "the guiding principle is whether Randall Hottman could have provided for his own safety." *Post* at 181. *Bertrand* does not state that the fact that a hazard is open and obvious absolves the possessor of land of liability. A possessor of land may still be liable to invitees if he should anticipate that the hazard could cause an injury, despite the obviousness of the danger. See *Bertrand;* see also *Riddle, supra* at 94 (adopting the "open and obvious" doctrine as stated in 2 Restatement Torts, 2d, § 343A[1], p 218).

appropriate, such negligence does not vitiate defendant's duty to take reasonable care for the safety of his invitees. Accordingly, the trial court erred in granting defendant's motion for summary disposition with regard to this issue.

II

Plaintiffs also contend that the trial court erred in ruling that the provisions of the MIOSHA were not admissible. In finding that the MIOSHA regulations were inapplicable, the trial court succinctly stated, "We have a brother helping [a] brother without pay and that does not come within the purview of the statute."

We review a trial court's decision concerning the admission of evidence for an abuse of discretion. *Zeeland Farm Services, Inc v JBL Enterprises, Inc*, 219 Mich App 190, 200; 555 NW2d 733 (1996). An abuse of discretion exists when the result is so palpably and grossly violative of fact and logic that it evidences perversity of will or the exercise of passion or bias rather than the exercise of discretion. *Dacon v Transue*, 441 Mich 315, 329; 490 NW2d 369 (1992).

The MIOSHA is remedial legislation that should be liberally construed to accomplish its statutory purpose. *Barker Bros Construction v Bureau of Safety & Regulation*, 212 Mich App 132, 138, 140; 536 NW2d 845 (1995). The broad objective of the MIOSHA is "to provide all employees with a work site free from recognized hazards." *Id.* at 139. The MIOSHA does not create new common-law or statutory rights, duties, or liabilities of employers and employees. MCL 408.1002(2); MSA 17.50(2)(2). However, this Court has held that violation of regulations promulgated pursuant to the MIOSHA may be considered evidence of

comparative negligence. See *Zalut v Andersen & Associates, Inc*, 186 Mich App 229, 235; 463 NW2d 236 (1990).

Plaintiff argues that the fact that defendant was not paying wages to plaintiff does not preclude the existence of an employment relationship that would make the MIOSHA regulations applicable. Plaintiff points out that § 2(1) of the MIOSHA states that the "act shall apply to all places of employment in the state, except in domestic employment and in mines . . . ." See MCL 408.1002(1); MSA 17.50(2)(1).

What constitutes an employer and an employee under the MIOSHA is an issue of first impression. Under § 5 of the MIOSHA, " 'Employee' means a person permitted to work by an employer," and " 'Employer' means an individual or organization . . . which employs 1 or more persons." MCL 408.1005(1), (2); MSA 17.50(5) (1), (2). Because the definitions of "employer" and "employee" provide little guidance in the determination whether an employment relationship exists, we look to the meaning of the word "employ" in the definition of "employer." The statute does not provide a definition of the word "employ." When, as in this case, a word is not defined in the statute, a court may consult dictionary definitions. *Nat'l Center for Mfg Sciences, Inc v Ann Arbor*, 221 Mich App 541, 546; 563 NW2d 65 (1997). In Black's Law Dictionary (6th ed), "employ" is defined as "to hire." Black's further defines "hire" as "to arrange for the labor or services of another for a stipulated compensation."

We believe that linking the word "employ" with the payment of compensation to the employee is in accord with the common and approved usage of the word. See *USAA Ins Co v Houston General Ins Co*,

220 Mich App 386, 391; 559 NW2d 98 (1996). Moreover, previously this Court, relying on federal precedent interpreting the Occupational Safety and Health Act[3] to determine that an employer who also worked at the place of employment was an employee under the MIOSHA, noted that " '[c]overage of the employer is also required since . . . *any individual receiving financial return from a business for work performed is an employee.*' " *Barker Bros, supra* at 139, quoting *Secretary of Labor v Howard M Clauson, d/b/a Howard M Clauson Plastering Co,* 5 OSHC 1760 (1977) (emphasis added).

Furthermore, such an interpretation is consistent with the Legislature's purpose in enacting the MIOSHA. The MIOSHA was designed to ensure that employers in business, industry, and government keep their employees' work sites free of recognized hazards. See MCL 408.1009; MSA 17.50(9). Nothing in the language of the MIOSHA suggests that it should be applied to homeowners' do-it-yourself projects, nor is it reasonable to expect the average homeowner engaging in such a project to be familiar with and comply with the MIOSHA regulations.

Plaintiffs rely on the affidavit of their expert witness, Tony Allam, a regional supervisor for the Department of Labor. In his affidavit, Allam asserts that under the MIOSHA, there is no requirement that a person be paid wages or receive other compensation in order to be considered an employee. However, the duty to interpret and apply the law has been allocated to the courts, not to the parties' expert witnesses. See *West Shore Community College v Manistee Co Bd of*

---

[3] 29 USC 651 *et seq.*

*Comm'rs*, 389 Mich 287, 302; 205 NW2d 441 (1973); *Michigan Residential Care Ass'n v Dep't of Social Services*, 207 Mich App 373, 377; 526 NW2d 9 (1994).

We therefore find that the trial court did not abuse its discretion in ruling that the MIOSHA regulations are inadmissible in any trial of this case. The issue for the trier of fact is whether defendant violated the standard of conduct of a reasonable person, see *Bertrand, supra* at 611, not whether defendant failed to comply with the MIOSHA regulations.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. No taxable costs pursuant to MCR 7.219, neither party having prevailed in full.

MURPHY, J., concurred.

SAWYER, P.J. (*dissenting in part and concurring in part*). I respectfully dissent.

The majority and I are in agreement on most points. However, we do disagree on the interpretation of *Bertrand v Alan Ford, Inc*, 449 Mich 606; 537 NW2d 185 (1995), and the application of *Bertrand* to the case at bar. I read *Bertrand* to hold that, if the particular activity or condition creates a risk of harm only because the invitee does not discover the condition or realize its danger, then the open and obvious danger doctrine will cut off liability if the invitee should have discovered the condition and realized its danger. However, if the risk of harm remains unreasonable, despite its obviousness or despite knowledge of it by the invitee, then the circumstances may be such that the invitor is required to undertake reasonable precautions. The issue then becomes the standard of care and is for the jury to decide. *Id*. at 611.

I am satisfied that the open and obvious danger doctrine is applicable to the case at bar. First, the parties and the majority agree that the danger of falling off a steep roof is open and obvious. The disagreement arises in whether the risk remains unreasonable, and therefore the invitor was responsible to undertake reasonable precautions. In looking to *Bertrand* for guidance, I believe that the guiding principle is whether Randall Hottmann could have provided for his own safety. In *Bertrand, supra* at 616-617, the Court summarized the rule as follows in the context of a case involving steps into a building:

> [B]ecause steps are the type of everyday occurrence that people encounter, under most circumstances, a reasonably prudent person will look where he is going, will observe the steps, and will take appropriate care for his own safety. Under ordinary circumstances, the overriding public policy of encouraging people to take reasonable care for their own safety precludes imposing a duty on the possessor of land to make ordinary steps "foolproof." Therefore, the risk of harm is not unreasonable. However, where there is something unusual about the steps, because of their "character, location, or surrounding conditions," then the duty of the possessor of land to exercise reasonable care remains.

In the case at bar, while a roof may not be quite as much of an everyday occurrence as steps, neither is it something wholly unusual. Furthermore, with respect to the roof in question in this case, there is no indication that the circumstances presented in working on this roof were any different than the circumstances encountered in working on roofs in general. There is no indication that Randall was not able, because of the character, location, or surrounding conditions of the roof, to take whatever steps he deemed prudent to assure his safety.

While the *Bertrand* opinion does more to muddy the issue of the open and obvious danger doctrine than to clarify it, my reading of that opinion, as well as the cases referred to in it, divines the following principle: The open and obvious danger doctrine does not apply where, despite the danger being open and obvious, the invitee is nevertheless obligated to face the danger and cannot take reasonable means to protect himself from the danger.

In the case at bar, the dangers of working on a roof were open and obvious. There is no indication that the circumstances surrounding this particular roof prevented Randall from assessing the danger presented and either avoiding it entirely or enlisting whatever safety measures he felt appropriate. Indeed, some safety measure was employed, namely the two-by-four foot holds, and Randall participated in the decision to use them. If Randall believed that those foot holds did not adequately alleviate the danger of working on the roof, he could have declined to work on the roof unless a different safety measure was utilized, such as the roof jacks that he now argues should have been used.

For these reasons, I conclude that the trial court correctly found that the open and obvious danger doctrine bars plaintiffs' claims in this case.

Finally, I concur in the majority's analysis of the issues concerning the regulations of the Michigan Occupational Safety and Health Act, MCL 408.1001 *et seq.*; MSA 17.50(1) *et seq.*